■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BRITT, Appellant. [647 NYS2d 527] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered September 19, 1994, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's exercise of peremptory challenges against potential white jurors, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

The defendant argues that he was deprived of a fair trial when the court seated two prospective jurors over his peremptory challenges following an objection by the People pursuant to *Batson v Kentucky* (476 US 79).

During jury selection, defense counsel exercised several of his peremptory challenges to strike prospective jurors who were white. The defendant is black. The prosecutor argued that such a pattern supported a prima facie showing that the strikes were racially motivated. The court, finding that a prima facie showing had been made, called upon defense counsel to provide race neutral reasons for his strikes. As to one of the prospective jurors at issue, the following exchange occurred:

"[DEFENSE COUNSEL]: [He] is really not coming from the same planet as my client. I'm looking for people who are from—

"THE COURT: You are looking for blacks?

"[DEFENSE COUNSEL]: He has a Masters in finance from NYU. He has relatives that are corporate lawyers. I'm looking for people that will relate to my client.

"THE COURT: Denied".

As to another prospective juror, the following exchange occurred:

"[DEFENSE COUNSEL]: * * * [H]e sat on this exact type of trial, burglary robbery. The kind of case where they reached a verdict. I'm concerned, specifically, with anyone who has reached a verdict on this kind of case.

"THE COURT: That is your reason? Denied".

The record contains no other relevant discussion of these two prospective jurors.

The Court of Appeals has recently clarified the trial court's obligations upon a *Batson* objection. "The distinctive procedural development in these cases [on appeal] concerns the trial courts' responsibility to make a sufficient record to allow for meaningful appellate review that insures and reflects that each party fulfills its burden and has an opportunity for input. When a trial court finds that the opponent of the peremptory strikes * * * has carried its ultimate and unalterable burden of persuasion, that ruling and its basis must be reflected and gauged on the record made. The legal burdens of production and persuasion must be correctly allocated and maintained, and a meaningful record must reflect that these prerequisites have been satisfied". *(See, People v Jones,* 88 NY2d 172, 183-184.) Thus, "if the party asserting the peremptory strike puts forward race-neutral reasons and the other side says nothing more, the Trial Judge *may* [nonetheless] find purposeful discrimination—pretext—based on the court's founded and articulated rejection of the race-neutral reason" *(People v Jones, supra,* at 184). "If a pretext finding is sufficiently explicated and the record supports it * * * no articulation problem under *Allen [People v Allen,* 86 NY2d 101] is implicated" *(People v Jones, supra,* at 183).

Here, whether or not the People established a prima facie case that the defense's peremptory challenges were racially motivated, the first step of the *Batson* inquiry, is not raised on appeal *(see, People v Jones, supra,* at 182, n 1). The reasons proffered by the defense for its peremptory challenges were facially race neutral. Accordingly, the defense met the minimal burden of explanation under step two of the *Batson* inquiry *(see, People v Jones, supra; People v Allen, supra).* However, because the basis and reasoning of the court sustaining the *Batson* objection was not adequately articulated on the record, it cannot be determined whether the legal burdens of production and persuasion were correctly allocated and maintained, or whether the People, as the proponent of the objection, met the step three "ultimate and unalterable burden of persua-

sion", that the reasons proffered were merely pretextual *(see, People v Jones, supra; People v Allen, supra)*. Accordingly, the matter is remitted to the trial court for further proceedings in accordance herewith *(see, People v Jones, supra)*. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.